### Heirs of J. B. Hullin *v.* Adolhhe Fauré.

A citizen of Louisiana, being in the State of New York, executed a deed of trust in conformity to the laws of that State, whereby he conveyed to a citizen of New York a certain sum of money in cash, upon trust, for the use and benefit of other parties.—*Held:* That such a contract was not in violation of the laws of Louisiana, since it was made and executed in another State, bearing upon a fund in that State, and admitted to be according to the laws of that State.

Where a fund is thus placed in trust, to be held for the benefit of a certain person during his life, and at his death the entire fund to be paid over to another person specified—*Held:* That such specified person cannot be considered as deriving title from the beneficiary, whose estate was a mere life estate in the fund.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.

*Pierce & Tappan,* for plaintiffs and appellants. *P. Soulé,* for defendant and appellee.

BUCHANAN, J. *James B. Hullin,* a citizen of Louisiana, being in the city of New York, on the 8th September, 1845, executed on that day a deed of trust in conformity to the laws of New York, whereby he conveyed to *James Foster* and *Bache McEver,* citizens of New York, ten thousand dollars in cash, upon trust, that the said *Foster & McEver,* or the survivor of them, should invest the said money upon bonds and mortgages on, or in the purchase of, improved real estate in the city of New York, and should apply the rents and interest accruing from said real estate, or such portion thereof as they might think fit, to the use of *Ada Hullin,* †daughter of the said *James B. Hullin,* until the arrival of the said *Ada* at the age of twenty-one years; and should add the portion of the rents or interest so accruing, and not applied as aforesaid, to the capital of the trust-fund, until the arrival of the said *Ada* at twenty one years of age; and should apply the rents and interest of such accumulated capital and interest as should accrue from the time of *Ada's* attaining the age of majority, until her decease, to the

HULLIN
v.
FAURÉ.

sole and separate use and benefit of said *Ada;* and should, forthwith after the decease of the said *Ada,* pay over to the lawful issue of the said *Ada,* if any, the whole of the trust-fund with its accumulations; and if there should be no lawful issue of said *Ada,* her surviving, the trustees should then pay over and convey the whole of the trust-fund or its accumulations to the husband of the said *Ada,* if she leave a surviving husband; and in case she leave no husband surviving, then the trustees to pay over the trust fund, &c., to the surviving brothers and sisters of said *Ada.*

*Ada Hullin* died, at a time not specified, being at the time of her death married to defendant, by whom she had no children her surviving. The defendant has applied to the trustees in New York, since the death of his wife, and has received a portion of the trust fund; for the remainder of which he has instituted a suit in a court of New York.

The plaintiffs are the surviving sisters of *Ada Hullin,* and sue the defendant to restore to them what he has received under the dispositions of the trust-deed, on the ground that the said trust-deed is contrary to the law of Louisiana, and, therefore, void.

*James B. Hullin* died in November, 1845. It is admitted, that his estate in Louisiana, at the time of his death, exceeded fifty thousand dollars in value.

Plaintiffs sue as heirs-at-law of their sister, *Ada.*

It does not appear to us, that the contract above mentioned, violated the law of Louisiana. It was a contract made and executed in New York, bearing upon a fund in New York, and admitted to be according to the law of New York.

The authorities quoted by the counsel of plaintiffs do not apply to a case like the present. The question of *situs* of the trust-fund in question does not arise; for that fund constituted no part of the succession of *James B. Hullin.* He had absolutely divested himself of the same, before his death, and vested the legal title in the trustees named for the benefit of *Ada Hullin* and others. Had this conveyance exceeded in amount the disposable portion of their common ancestor's estate, *Ada Hullin* might possibly have been held to collate in an action of partition of her father's estate with the plaintiffs, her co-heirs. But the admission in the record shows that it did not exceed the disposable portion.

And besides, this case has none of the attributes of an action of partition among the heirs of *James B. Hullin.* The plaintiffs claim as heirs of *Ada Hullin.* Their petition alleges " that as sole heirs of their late sister *Ada Hullin,* formerly wife of the defendant, their mother having died shortly after the decease of *J. B. Hullin,* petitioners are entitled to all moneys, rights and claims arising from said trust-deed," &c.

But defendant does not hold by a title derived from *Ada Hullin.* The estate of *Ada* was a mere life estate in this fund, with remainder in fee to defendant. See *Wailes* v. *Daniell,* 14 An. 578.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.